**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**ALEXIS PINEDA,**

                                **Petitioner,**

       - against -

**DAVID MILLER, Superintendent,**

                                **Respondent.**
-------------------------------------------------------x

**03 CV 1344 (NG)(MDG)**
**ORDER**

**GERSHON, United States District Judge:**

Upon review of Magistrate Judge Marilyn D. Go's Report and Recommendation, dated March 23, 2006, and respondent's objection, dated April 13, 2006, the Court adopts Judge Go's thoughtful and comprehensive Report and Recommendation with respect to all claims except for petitioner's courtroom-closure claim.  As discussed below, petitioner's courtroom-closure claim is procedurally barred because petitioner failed to exhaust the claim in state court, and there is no further remedy available to him at the state-court level at this time.

After a trial and conviction by jury in the New York Supreme Court, Kings County, petitioner appealed to the Appellate Division, Second Department, arguing *inter alia* that the court committed reversible error in denying his motion to sever.[1]  *See* Appellant's Br. at 49.  In support of his argument, petitioner cited several conflicts between him and his co-defendants that served to prejudice him.  Petitioner asserted that among those conflicts were the contrary positions between him and his co-defendants on the issue of courtroom closure during the undercover officers'

---

[1]      Petitioner's brief to the Appellate Division had eight point headings, and point heading number three, where the discussion of courtroom closure appears, is entitled: "Appellant's Case Should Have Been Severed."

testimony.  Specifically, petitioner argued that, while he objected to the closure of the courtroom during the undercover officers' testimony and stressed that his mother and sister should be allowed to remain in the courtroom, his co-defendants were willing to waive their right to trial in an open courtroom.[2]  *See* Appellant's Br. at 52.  While petitioner referred to the courtroom-closure issue as

---

[2]  Petitioner's discussion of courtroom closure in his appellate brief to the Appellate Division  appears in the sub-section titled, "Appellant's case should have been severed," and reads in its entirety:

> In addition, a conflict existed between Appellant and his co-defendants' positions regarding the closure of the courtroom during the testimony of the undercover officers.  This issue, of federal constitutional proportions, further served to deprive Appellant of a fair trial.  Counsel for co-defendant Jorge Ramon told the trial court that his client would be willing to waive his constitutional right to trial in an open courtroom.  To the contrary, Appellant stressed the importance of having his mother and sister Olga Pineda, who presented no threat whatsoever to the undercover officer, remain in the courtroom during the trial for a show of support and vehemently protested and objected to the closure of the courtroom during the testimony of the undercover officers.
>
> The court, however, presented the defense with two completely unacceptable alternatives, closing the courtroom entirely or having the undercover testify behind a screen, which would confer an unearned cloak of credibility, thereby enhancing the People's case.  Of course, Appellant's counsel chose the lesser of two evils, closure of the courtroom, and bo [sic] so doing was deprived of a constitutionally guaranteed right to have his mother and sister remain in the courtroom for the duration of the trial.
>
> The defense's failure to present a united front significantly detracted from any impact Appellant's attorney's position had on the court's ultimate decision.  Indeed, co-defense counsel's acquiescence to "whatever remedy the court would fashion" severely undermined the Appellant's position and drove the already existing wedge between the co-defendants' positions yet deeper and closer to the ultimate core of Appellant's defense.  The court's failure to sever Appellant's case virtually assured Appellant's conviction, not based on established evidence, but rather on improper procedure which resulted in overwhelming prejudice to Appellant.  As such, Appellant's conviction should be revered [sic], his case severed, and he should receive a fair trial based solely on the evidence against him.

(Footnote and citation omitted).

a conflict requiring the trial court to sever the case, he did not set forth any separate and independent claim that the courtroom closure deprived him of a federal constitutional right. Nor did he provide any citations to any federal or state cases discussing this federal constitutional right. *See* Appellant's Br. at 49-53. It is clear that the fundamental legal basis of petitioner's argument at the state court level was the severance issue and not the courtroom-closure issue.

An application for a writ of habeas corpus will ordinarily not be granted unless the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). To meet the exhaustion requirement, a petitioner must have fairly presented the constitutional nature of his claim at the state court level. *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Id.* The petitioner's perfunctory reference to courtroom closure as a basis for arguing that his case should have been severed did not alert the state court of the courtroom-closure claim. *See generally Morgan v. Jackson*, 869 F.2d 682 (2d Cir. 1989) (holding that the petitioner did not fairly present to the state court the argument that the state trial court violated his constitutional right of confrontation by cutting short his cross-examination where the petitioner made only a "terse and uninformative presentation" in arguing that the trial court erred in curtailing his cross-examination). Therefore, petitioner's argument at the state court level was insufficient to fairly present the constitutional claim to the state court. Likewise, petitioner's argument on appeal to the New York Court of Appeals failed to fairly present the federal constitutional nature of his claim at the state court level. That petitioner cited federal cases discussing courtroom closure in his reply letter to the Court of Appeals is insufficient to deem his constitutional claim fairly presented to the state courts. *See generally Lurie v. Wittner*,

228 F.3d 113, 124 (2d Cir. 2000) (stating that raising an argument for the first time in a reply letter to the Appellate Division did not properly raise it).

In reading his *pro se* habeas corpus petition liberally, Judge Go addressed petitioner's argument to encompass a courtroom-closure claim even though petitioner again framed the argument as one of severance.[3] This is understandable because, although the petition is virtually identical to petitioner's brief to the Appellate Division, in his later-filed memorandum of law in support of his habeas corpus petition, petitioner cited to federal cases addressing the courtroom-closure claim. It is also understandable that the State did not raise exhaustion as an issue with respect to the courtroom-closure claim, until now, since the petitioner's memorandum was not filed until after the State had already filed its opposition to the petition.

---

[3]    The petition reads in pertinent part:

In addition, a conflict existed between appellant and his co-defendants [sic] positions regarding the closure of the courtroom during the testimony of the undercover officer. This issue, of federal constitutional proportion served to deprive appellant of a fair trial. Counsel of one of the two co-defendants told the trial court that his client would be willing to waive his constitutional right to trial in an open courtroom. To the contrary, appellant stressed the importance of having his mother and sister, who presented no threat whatsoever to the undercover officer, remain in the courtroom during the trial for a show of support and vehemently protested and objected to the closure of the courtroom during the testimony of the undercover officer.

The court, however, presented the defense with two completely unacceptable alternative [sic], closing the courtroom entirely or having the undercover officer behind a screen, which would confer an unearned cloak of credibility, thereby enhancing the people's case. Of course, appellant's counsel chose the lesser of two evils; closure of the courtroom, and by so doing was deprived of a constitutionally guaranteed right to have his mother and sister remain in the courtroom for the duration of the trial.

The court's failure to sever appellant's case virtually assured appellant's conviction, not base on established evidence, but rather on improper procedure which resulted in overwhelming prejudicial [sic] to appellant.

The fact remains that petitioner never specifically made the argument at the state court level that, in reading his habeas corpus petition liberally, he now makes--that closing the courtroom during the undercover officers' testimony violated his federal constitutional right to trial in open court. It is one thing for this Court to liberally read a *pro se* petitioner's habeas petition to find a constitutional claim tucked away in his supporting papers; it is another thing to find that a state court should have construed a phrase in a section of a counseled defendant's appellate brief addressing severance as raising an independent federal constitutional claim of improper courtroom closure. The comity interests underlying the exhaustion requirement do not support such action.

Accordingly, petitioner's application is denied in its entirety, and the Clerk's Office is directed to enter judgment for respondent.

**SO ORDERED**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated: August 4, 2006**
        **Brooklyn, New York**